Commonwealth *v.* Browne, Appellant.

Submitted March 20, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Andrea Levin* and *Francis S. Wright,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Stephen J. Margolin* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., June 15, 1972:

Defendant was found guilty, after trial without a jury, of the crimes of burglary, larceny, and receiving stolen goods. Prior to trial the defendant presented a motion to suppress a confession made by him and certain evidence obtained by police, basing his motion on an allegation that the confession and evidence were procured as the result of an illegal arrest. The court below found the arrest to be illegal and suppressed the evidence. The court did not suppress the confession, however, its opinion being that though the arrest was illegal, having been made without probable cause, the defendant's confession was voluntarily made and was independent of and not tainted by the illegal arrest.

Defendant has appealed to this court from the lower court's refusal to suppress his confession, contending that the confession was part of the poisonous fruit of the original illegal arrest.

We have made a thorough study of the record in this case and it is our conclusion that the defendant's arrest was legal under the circumstances. The testimony introduced at the hearing on the motion to suppress established that at 3:20 a.m., January 26, 1971, Officer Eckart was traveling north on 17th Street at Lippincott in the City of Philadelphia when he observed two males walking, twenty feet apart, south on 17th Street. The male in front, later identified as the defendant, was carrying a large shopping bag in one arm and a large portable heater and a cardboard box in the other. The other male, walking twenty feet behind defendant, was carrying an adding machine. When the officer began to make a U-turn, he observed this man throw the adding machine to the ground. The defendant continued walking until approached by the officer who noticed "a large quantity of nylon stockings, still in packages, unopened".[1] The officer asked him what he was doing, to which he gave several contradictory and vague responses. Defendant first replied he was helping his cousin move from a house on 19th Street to 17th Street and York, which was approximately twelve blocks from where they were; then he changed his story and stated he was coming from Fitzwater Street and fell asleep on a bus with his packages and had to walk to 17th and York. The officer asked him for identification which he could not produce, whereupon he was taken to the police station. It was later determined that the goods had been recently stolen in a burglary.

---

[1] Later counted as 53 packages.

The lower court, which the record reveals made a conscientious effort to properly evaluate the circumstances of this case, was of the opinion that as a matter of law it could not hold the arrest to be legal. We do believe, however, that the arrest was legal and that this case falls squarely within the holding and reasoning of this court in *Commonwealth v. Howell,* 213 Pa. Superior Ct. 33 (1968) (allocatur refused), wherein this court found defendant's arrest to be legal under similar circumstances and facts.

We hold, therefore, that the voluntary confession was not part of the poisonous fruit of an illegal arrest but was properly admitted against the defendant at the time of his nonjury trial.

Judgment affirmed.